## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | FRED H. WEINER | : Chapter |
| | Debtor(s) | : Bky. No. 05-17302 |
| | OMICRON SYSTEMS, INC. | : |
| | Plaintiff | : |
| | V. | : |
| | | : Adv. No. 05-566 |
| | FRED H. WEINER | : |
| | Defendant | : |

### ORDER

**AND NOW,** for the reasons set forth in the accompanying Memorandum, in which the court has raised, *sua sponte*, the question whether it has jurisdiction over the above adversary proceeding,

It is hereby ORDERED that:

1. Within 20 days of the entry of this Order, all parties shall file and make any submissions to the court that they believe establish that the court has jurisdiction in this adversary proceeding.

2. If no such submissions are timely made under Paragraph 1 of this Order, the court will dismiss this adversary proceeding for lack of jurisdiction.

Date: 3/23/06

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:    FRED H. WEINER | : | Chapter 7 |
| | : | |
| Debtor(s) | : | Bky. No. 05-17302 |
| | : | |
| OMICRON SYSTEMS, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | Adv. No. 05-566 |
| FRED H. WEINER | : | |
| Defendant | : | |
| | : | |

# MEMORANDUM

## I.

Debtor commenced the above chapter 7 bankruptcy case by filing a voluntary petition on May 24, 2005. On May 25, 2005, Lawrence Lichtenstein ("the Trustee") was appointed as the interim Trustee. According to the Debtor's Schedule A,[1] the Debtor is the owner of the real property located at 321 Overlook Lane, Gulph Mills, PA 19428. The Debtor's Schedule D states that the property is subject to two mortgages held by National City Mortgage Co. in the amounts of $232,149.88 and $150,112.27. Schedule D also states that Omicron Systems, Inc. holds a judgment lien against the property in the amount of $259,000.00.

The dockets reflect that the §341 hearing was held and concluded on July 15, 2005. On

---

[1] I may take judicial notice of the dockets in this case and the content of the bankruptcy schedules for the purpose of ascertaining the timing and status of events in case and facts not reasonably in dispute. See Fed. R. Evid. 201; In re Scholl, 1998 WL 546607 (Bankr. E.D. Pa. 1998).

-1-

July 30, 2005, the Trustee filed a Report of No Distribution in which he stated that he had "concluded that there are no assets to administer for the benefit of creditors of this estate."

On September 6, 2005, Omicron Systems, Inc. and PBR Consulting Group, Inc. (collectively, "Omicron") filed an adversary complaint against the Debtor, the Trustee, National City Bank and National City Mortgage Co. In the Complaint, Omicron requested that this court enter an Order determining that the Omicron judgment lien has lien priority over the mortgage liens held by National City Bank and National City Mortgage Co.

In response to the Adversary Complaint, the Debtor filed an Answer and Affirmative Defenses. National City Bank and National City Mortgage Co. filed an Answer to the Complaint with a Counterclaim requesting that the court determine that the mortgages have priority over the judgment lien.

On February 3, 2006, National City Bank and National City Mortgage Co. filed a Motion for Summary Judgment. On March 6, 2006, Omicron filed a response to the Motion for Summary Judgment and a Cross Motion for Summary Judgment.[2]

---

[2]One other event in the case is worth noting, although it does not affect the issue discussed below in this Memorandum. On November 30, 2005, the court entered an Order by consent granting the Debtor's Motion to Avoid the Judicial Lien of Omicron. The Order provided that the lien is avoided

> only to the extent of the Debtor's scheduled exemption, in the amount of $16,716.70 (the "Exemption"), as follows. Equity equals the difference between the value of the property and the sum of the judicial lien plus any proper mortgage liens. If the value of the property exceeds the total of Omicron's judicial lien and any proper mortgage liens, than Omicron's judicial lien will not be avoided to the extent of the Equity; and it is further
>
> Ordered that at any closing on the sale of the property, the Exemption shall be paid to the Debtor prior to any funds being paid to Omicron.

## II.

The bankruptcy court is a court of limited jurisdiction. The bankruptcy court, like all federal courts, is obliged to raise *sua sponte* the issue whether it has jurisdiction over any pending matter. See, e.g., In re Spree.com Corp., 295 B.R. 762 (Bankr. E.D. Pa. 2003). See also Luzerne County Convention Center Authority v. Township of Wilkes-Barre, 78 F.Supp.2d 356 (M.D. Pa. 1999).

Federal bankruptcy jurisdiction is set forth in 28 U.S.C. §1334. Section 1334(a) confers upon the district courts confers "original and exclusive jurisdiction of all cases under title 11." Section 1334(b) original but not exclusive jurisdiction of all proceedings arising under title 11, or arising in or related to cases under title 11. Under 28 U.S.C. §157(a), the district courts may refer cases under title 11, as well as all proceedings arising under title 11, or arising in or related to cases under title 11 to the bankruptcy court. 28 U.S.C. §157(a).[3]

The Court of Appeals has concisely summarized the jurisdictional framework governing bankruptcy cases as follows:

> Bankruptcy court jurisdiction potentially extends to four types of title 11 matters: (1) cases under title 11, (2) proceeding[s] arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11. Cases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as "core" proceedings; whereas proceedings "related to" a case under title 11 are referred to as "non-core" proceedings. Proceedings "related to" title 11 case include causes of action owned by the debtor that become property of the bankruptcy estate under 11 U.S.C. § 541(a), as well as suits between third parties that conceivably may have an effect on the bankruptcy estate.

---

[3] In this district, the district court has adopted a Standing Order, pursuant to which cases meeting the criteria set forth in 28 U.S.C. §157(a) are referred to the bankruptcy court. E.g., In re Lassina, 261 B.R. 614 (Bankr. E.D. Pa. 2001).

In re Combustion Engineering, Inc., 391 F.3d 190, 225-26 (3d Cir. 2004) (quotation marks and citations omitted).

This adversary case, involving a dispute between two creditors of the Debtor with respect to the priority of their liens against the Debtor's property, does not arise under any substantive provisions of the Bankruptcy Code. Thus, it does not fall within the court's core jurisdiction. At best, this court can exercise "related to," non-core jurisdiction. Before the court may exercise non-core jurisdiction, the outcome of the litigation must have some effect on the administration of the bankruptcy estate. See, e.g., Pacor v. Higgins, 743 F.2d 984 (3d Cir. 1984);[4] accord, In re Guild and Gallery Plus, Inc., 72 F.3d 1171 (3d Cir. 1996). More specifically, the outcome of the litigation must affect property being administered, the amount of assets that will be distributed or the claims to be paid through the bankruptcy process. If the outcome of the dispute affects only the rights of particular creditor-litigants without making any difference in the bankruptcy case, there is no bankruptcy jurisdiction. See In re Shuman, 277 B.R. 638, 645-47 (Bankr. E.D. Pa. 2001) (comprehensive discussion of bankruptcy jurisdiction and the limits of non-core jurisdiction). See also Matter of Kubly, 818 F. 2d. 643 (7th Cir. 1987); Matter of Xonics, Inc., 813 F.2d 127 (7th Cir. 1987).

Based on the record as it presently stands, I seriously doubt that this court has jurisdiction over this adversary proceeding.

The Trustee has filed a report stating that he does not intend to administer the Debtor's

---

[4] The Supreme Court has effectively overruled Pacor with respect to its construction of the 28 U.S.C. §1447(d) (reviewability of an order remanding a removed case back to state court). See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494 (1995). However, the Pacor test for the boundaries of non-core jurisdiction continues to be widely followed. See Celotex Corp. v. Edwards, 500 U.S. 300, 308, 115 S.Ct. 1493, 1499 (1995).

real estate or any other property of the bankruptcy estate. As a consequence, I have difficulty perceiving how the outcome of this lien priority dispute between two creditors concerning a property that is not being administered will have any effect on the administration of this no-asset bankruptcy case. In these circumstances, there is no basis for the court to exercise jurisdiction over the lien priority dispute.[5]

Because I am raising this issue *sua sponte*, it is possible that there are facts in the record that I have overlooked or other facts of which I am not aware. Consequently, I will enter an Order giving the parties an opportunity to file any submissions that they deem appropriate to establish that jurisdiction exists in this adversary proceeding.[6] After receiving those submissions, I will make a final determination on the question of subject matter jurisdiction.

Date: 3/23/06

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[5] I also note that no objections to the Debtor's discharge were filed by any party in interest within sixty days of the §341 hearing. See Fed. R. Bankr. P. 4004(a). Thus, it appears that the Debtor is entitled to the entry of his discharge forthwith. Fed. R. Bankr. P. 4004(c)(1). Were it not for the pendency of this adversary proceeding, this bankruptcy case could be closed upon the entry of the Debtor's discharge. See 11 U.S.C. §350(a).

[6] The Plaintiff has the burden of establishing the facts which establish that the court has subject matter jurisdiction. See, e.g., In re Shuman, 277 B.R. at 645.